UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, and SCOTT REDMAN

        Plaintiffs,

       v.                                 Case No. 14-C-421

ABEL BUILDING RESTORATION INC.,

        Defendant.

## DECISION AND ORDER

This matter is before the Court on the motion for entry of injunctive relief filed by the Plaintiffs, Building Trades United Pension Trust Fund and Scott Redman. Upon request of the Plaintiffs, the Clerk of Court entered default against Defendant Abel Building Restoration Inc. ("Abel").

The Plaintiffs have more work to do before they may obtain the requested relief. Having previously obtained entry of default by the Clerk of Court on June 25, 2014, the action is in the proper procedural posture for a default judgment motion. *See* Fed. R. Civ. P. 55(a) & 55(b)(2). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiffs for the causes of action alleged in the Complaint. *See e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir. 2007) (citing *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989)). However, the Plaintiffs have not filed a motion for default judgment.

Furthermore, default judgment does not answer whether a particular remedy is appropriate. *Id.* (quoting *Di Mucci,* 879 F.2d at 1497 ("Because . . . liability was

established by default, the law in this circuit indicates that in a case such as this, an evidentiary hearing may be required to establish what type of relief is necessary.") The appeals court stated, "[t]his principle applies with equal if not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief." *Id.* (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992)) ("The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal. . . . [W]hen, as in this case, the issue is whether to grant a permanent injunction . . . the burden is to show that damages are inadequate. . . ."). The Plaintiffs request injunctive relief in the form of an order compelling Abel to submit to an audit; however they have not addressed the standard for injunctive relief or why such relief should be granted in this case.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs' motion for injunctive relief (ECF No. 10) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2014.

    BY THE COURT:

    _____
    **HON. RUDOLPH T. RANDA**
    **U.S. District Judge**